## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION
## CINCINNATI, OHIO

**LAURINDA WILSON**                          **CASE NO. 1:12-CV-00107**

552 Fox Run Place

Monroe, Ohio 45050

        Plaintiff,

    **-vs-**

**LINCOLN COLLEGE OF TECHNOLOGY**

149 Northland Boulevard

Cincinnati, Ohio 45246

**SOUTHWESTERN ACQUISITIONS LLC**
**dba LINCOLN COLLEGE OF TECHNOLOGY**

200 Executive Drive, Suite 340

West Orange, New Jersey 07052

**THOMAS MCCREANOR**

c/o Lincoln College of Technology

149 Northland Boulevard

Cincinnati, Ohio 45246

**Various JOHN DOES and JANE DOES,**

        Defendants.

---

## VERIFIED COMPLAINT WITH JURY DEMAND ENDORSED HEREON

---

**NATURE OF ACTION**

1. Plaintiff Laurinda Wilson, a 48-year old female, brings this employment discrimination action against Lincoln College of Technology and Thomas McCreanor under 47 U.S.C. §1981a, 42 U.S.C. §2000e, et seq., 29 U.S.C. §621, et seq., and Ohio Revised Code §4122, et seq., based upon Defendants Lincoln College of Technology and Thomas McCreanor's discriminatory treatment of plaintiff because of sex harassment creating a hostile work environment.

**JURISDICTION AND VENUE**

2. Jurisdiction of this court is invoked pursuant to 47 U.S.C. §1981a, 42 U.S.C. §2000e, et seq., 29 U.S.C. §626.  This court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. §1367.

3. Venue lies in this district.  The practices complained of herein were committed within the Southern District of Ohio, Western Division.

**PARTIES**

4. Plaintiff Laurinda Wilson is a 48-year old female and a citizen of the United States and is a resident of the County of Butler, State of Ohio.

5. Defendant Lincoln College of Technology, is and, at all times mentioned in this complaint, was a corporation doing business in the State of Ohio, with its

statutory agent as Southwestern Acquisition, LLC, 200 Executive Drive, Suite 340, West Orange, New Jersey 07052. At all times material herein, defendant Lincoln College of Technology has employed more than 20 persons and has been an employer in an industry affecting commerce within the meaning of 42 U.S.C. §2000e(b), (g) and (h), 29 U.S.C. §630.

6. Defendant Thomas McCreanor, is and, at all times mentioned in this complaint, was the security supervisor for Lincoln College of Technology, doing business in the State of Ohio, whose business address is located at 149 Northland Boulevard, City of Springdale, Hamilton County, State of Ohio 45246.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named in this complaint as various John Does and Jane Does, inclusive, are unknown to plaintiff at this time. Plaintiff sues those defendants by those fictitious names and will amend this complaint to show the true names and capacities when they have been determined. Plaintiff is informed and believes, and based on that information and belief, alleges that the defendants named as various John Does and Jane Does are responsible for the injuries and damages alleged in this complaint to the same extent as the named defendants.

## ADMINISTRATIVE COMPLIANCE

8. On or about May 2, 2011, and within 180 days of the occurrence of the acts of which are complained, plaintiff filed charges of employment discrimination against Lincoln College of Technology with the Federal Equal Employment Opportunity Commission (EEOC). A copy of the Notice is attached hereto as Exhibit A and incorporated herein by reference.

9. On or about November 18, 2011, plaintiff received a "Notice of Suit Rights" from the EEOC. Attached hereto as Exhibit B and incorporated herein by reference is a true and accurate copy of the Notice.

## BACKGROUND

10. Plaintiff Laurinda Wilson was hired by Defendant Lincoln College of Technology on January 29, 2007.

11. During the course of employment, Plaintiff Wilson was office manager of Lincoln College of Technology under the direction of James Vaas.

12. During the Winter of 2011, Defendant Lincoln College of Technology caused Defendant Thomas McCreanor to move into the office with Plaintiff Wilson, which was also shared with her supervisor Lisa Bullock and Jackie Wright, which subsequently allowed the opportunities for sexual harassment between management and employees that caused significant embarrassment for Plaintiff Wilson.

4

13. Plaintiff Wilson, after rebuking the sexually suggestive advances of Defendant McCreanor, was caused to feel uncomfortable and in fear of her safety.

14. Defendant McCreanor on February 24, 2011, became hostile towards Plaintiff Wilson when he started yelling using curse words towards her when she rejected his requests for sympathy. During his rage he was slamming drawers and pacing around the office in an upset and visibly shaken posture.

15. In the course of Defendant McCreanor's rage on February 24, 2011, he threatened Plaintiff Wilson that she would have to listen to him and pay attention to what he had to say.

16. Defendant McCreanor made derogatory sexual remarks about Plaintiff Wilson to other employees intending said remarks to indicate that Wilson was having sexual relations with McCreanor.

17. James Vaas, the Executive Director of Lincoln College of Technology was made aware of the events of February 24, 2011, but did nothing to immediately quash the hostile conditions at that time.

18. After this incident, Plaintiff Wilson's car was tampered with through a break-in and sustained damage to the ignition at the Defendant Lincoln School of Technology parking lot.

5

19. Plaintiff Wilson complained to Human Resources concerning the conduct of McCreanor, which resulted in no action taken to protect Ms. Wilson.

20. By reason of this intimidating and hostile work environment, Plaintiff Wilson was forced to resign her position.

21. On numerous occasions during this time frame from October 2010 through February 2011, plaintiff approached defendants to complain of this intimidation and hostile work environment and to seek remedies for this problem.

22. Defendants did nothing to remedy the situation and failed to provide plaintiff with proper protection from further sexual harassment and hostile work environment in her position.

23. Plaintiff has suffered loss of income, embarrassment, humiliation and intimidation, and physical illness, along with a loss of confidence in her ability to perform in a position for which she had been trained.

**<u>FIRST CAUSE OF ACTION</u>**
(TITLE VII and §1981a – SEX DISCRIMINATION)

24. Plaintiff Wilson realleges paragraphs one through twenty-three as if fully re-written herein.

25. Plaintiff Wilson is a female. Plaintiff Wilson had all the necessary physical and mental capabilities to successfully perform her position as Office Manager.

26. During the relevant time period, plaintiff did make serious efforts to perform her position as Office Manager of Lincoln College of Technology, but was denied opportunities to receive benefits, bonuses and advancement in her position because of the sexual harassment and hostile work environment in the work place.

27. Defendant Lincoln College of Technology's sexually discriminatory conduct was based upon the fact that Plaintiff Wilson is a female and constituted unlawful sex discrimination.

28. Defendant Lincoln College of Technology did nothing to remedy the complaint of a hostile work environment by reason of the conduct exhibited towards plaintiff.

29. Defendant's sexual discrimination has deprived Plaintiff Wilson of equal employment opportunities in violation of 42 U.S.C. §2000e-2, §2000e-5, and U.S.C. §1981a.

30. At all times material herein, Defendant Lincoln College of Technology has acted with malice toward plaintiff and with reckless indifference to plaintiff's rights.

7

31. As a proximate result of defendant's sexual discrimination, Plaintiff Wilson has been and is now being deprived of income in the form of wages and other fringe benefits for which defendant is liable, in an amount to be proven at trial.

32. As a further and proximate result of defendant's sexual discrimination, Plaintiff Wilson has suffered emotional distress, humiliation, embarrassment, mental anguish and physical illness, for which defendants are liable.

**SECOND CAUSE OF ACTION**
(SEX DISCRIMINATION – STATE CLAIM)

33. Plaintiff Wilson re-alleges paragraphs one through thirty-two as if fully re-written herein.

34.  The above-described conduct of defendant constitutes unlawful sex discrimination and sex harassment in violation of Ohio Revised Code §4112.02 and §4112.99.

35. As a result of defendant's unlawful sex discrimination and sex harassment, plaintiff has been and is now being deprived of income in the form of wages, and other fringe benefits, for which defendant is liable, in an amount to be proven at trial.

36. As a further and proximate result of defendant's sexual discrimination, Plaintiff Wilson has suffered emotional distress, humiliation, embarrassment, mental anguish and physical illness, for which defendant is liable.

## THIRD CAUSE OF ACTION
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

37. Plaintiff Wilson re-alleges paragraphs one through thirty-six as if fully re-written herein.

38. During the course of Plaintiff Wilson's employment at Defendant, Plaintiff Wilson was approached on many occasions during her employment; plaintiff would seek assistance, support and advice in the performance of her duties and further reported concerns in the performance of her duties as is customary for her position.

39. Defendant's representative, agents and officers, in the presence of other employees, and visitors to Defendant Lincoln College of Technology, ridiculed and maligned Plaintiff in an outrageous and patently offensive manner as to her privacy as a female and made sexually suggestive remarks.

40. Such defamation on the part of Defendant was slander per se.

41. The mentioned acts on the part of Defendant were the result of malice by an agent and employee of Defendant Lincoln College of Technology. Defendant's employees, representatives, agents or officers were acting within

9

the scope of employment at the time of the acts, and Defendant Lincoln College of Technology ratified such actions.

42. Plaintiff has complained to her superiors, all being employees, representatives, agents or officers of Defendant Lincoln College of Technology , each of whom conspired for the benefit of Defendant Lincoln College of Technology, repressed or suppressed or frustrated the efforts of Plaintiff to resolve the complaint or grievance of outrageous conduct by her superior.

43. As a result of defendant's malicious acts, Plaintiff Wilson was caused to incur great anxiety, nervousness, and embarrassment, which caused the plaintiff to suffer in other matters outside of employment with Defendant Lincoln College of Technology including emotional stress that has damaged plaintiff's physical well-being. Damages sustained by Plaintiff Wilson are believed by her to exceed the sum of $1,000,000 plus interest and costs.

## FOURTH CAUSE OF ACTION
(DEFAMATION OF CHARACTER-SLANDER PER SE)

44. Plaintiff Wilson re-alleges each and every allegation contained in paragraphs one through forty-three as if fully rewritten herein.

45. From October 2010 through February 2011 during Plaintiff Wilson's employment with Defendant Lincoln College of Technology and under the

supervision of James Vaas, Plaintiff has been continuously ridiculed, maligned and generally harassed and unjustifiably criticized, ridiculed, and otherwise slandered in the presence of Plaintiff's co-workers and visitors at Defendant Lincoln College of Technology.

46. The actions of the supervisor were done maliciously and were ratified by Defendant Lincoln College of Technology.

47. Such acts on the part of Defendant, in maligning plaintiff's professional vocational competency and ability including sexual advancements, to function with co-workers, constituted slander per se.

48. As a result of the malicious acts, Plaintiff Wilson was caused to incur great anxiety, nervousness, and embarrassment, which also increased plaintiff's suffering in matters outside of employment with Defendant including emotional stress that has damaged plaintiff's well-being.  Damages sustained by Plaintiff Wilson are believed by her to exceed the sum of $1,000,000 plus interest and costs.


## FIFTH CAUSE OF ACTION
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

49. Plaintiff Wilson re-alleges all allegations contained in paragraph one through forty-eight as if fully rewritten herein.

50. Defendant and its representatives, agents and officers were aware that their conduct would affect Plaintiff's sensitivity, self-consciousness and insecurity, but Defendant and its representatives, agents, and officers nonetheless maliciously and cruelly ridiculed Plaintiff, thus causing severe nervousness, producing emotional and physical defects, and further injuring the mental attitude fostered by the problem, and otherwise intentionally inflicted emotional distress.

51. Defendant and its representatives, agents and officers were acting while in the course of agency or employment with Defendant Lincoln College of Technology, and such acts were ratified by Defendant Lincoln College of Technology. Damages sustained by Plaintiff Wilson are believed by her to exceed the sum of $1,000,000 plus interest and costs.

WHEREFORE, Plaintiff demands judgment against the Defendants and each of them, jointly and severally as follows:

a) An award, jointly and severally, against each of the defendants, of the Plaintiff's damages on the First, Second, Third, Fourth, and Fifth Causes of Action herein, along with interest and costs thereon.

b) An award, jointly and severally, against defendants of punitive and exemplary damages of $2,000,000.

12

c) An award of attorney fees and costs of this action.

d) Such other relief as this Court shall consider being fair and equitable.


Dated:  February 6, 2012


Respectfully submitted,

F. HARRISON GREEN CO., L.P.A.


           /s/ F. Harrison Green
F. Harrison Green
Ohio Supreme Court Reg. #0039234
Trial Attorney for Plaintiff Wilson
Executive Park, Suite 230
4015 Executive Park Drive
Cincinnati, Ohio 45241
Tel. (513) 769-0840
Fax (513) 563-2953
fhgreen@fuse.net


## JURY DEMAND

Plaintiff demands trial by a jury of all issues so triable by her peers.


           /s/ F. Harrison Green
F. Harrison Green
Trial Attorney for Plaintiff